IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Diane L. Gruber and Mark Runnels,<br><br>  Plaintiffs,<br><br>  vs.<br><br>Oregon State Bar, a public corporation,<br><br>  Defendant. | Case No. 3:18-cv-1591<br><br>COMPLAINT FOR CIVIL RIGHTS VIOLATION, INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES<br><br>42 USC §1983 (Freedom of Speech)<br>42 USC §1983 (Freedom of Association)<br>42 USC §1988 (Attorney Fees) |

Plaintiffs allege:

1.

Plaintiffs are all residents of the State of Oregon and are attorneys admitted by the Oregon State Supreme Court to practice law.  They are all members of the Oregon State

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

COMPLAINT - Page 1

1. Bar as required by ORS 9.160.

2.

3. Defendant is a public corporation established pursuant to ORS 9.010.

3.

Plaintiffs are compelled to pay various fees, assessments and dues to Defendant pursuant to ORS 9.191 as a condition of engaging in their state regulated profession.

4.

Defendant engages in various types of political and ideological activities which Plaintiffs do not agree with. An example of such activities includes the "Statement on White Nationalism and Normalization of Violence" published in the April 2018 Oregon State Bar Bulletin, which is paid for, in part, by the dues which Plaintiffs are compelled to pay. A true and accurate copy of the "Statement on White Nationalism and Normalization of Violence" is attached hereto and by this reference incorporated herein.

5.

Plaintiffs submit that this collection of compulsory fees from them violates their rights under the First Amendment to the United States Constitution as recently set out by the US Supreme Court in *Janus v. American Federation of State, County and Municipal Employees, et al*, ___ S. Ct. ) _____ (No. 16–1466) (2018). They seek: (a) a declaratory judgment against Defendant to this effect; (b) injunctive relief that prohibits Defendant from seizing compulsory fees from them in the future; and (c) damages from the Defendant for compulsory fees wrongfully seized from them.

JURISDICTION AND VENUE

6.

This is an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress

COMPLAINT - Page 2

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiffs by the Constitution of the United States, particularly the First and Fourteenth Amendments.

7.

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, because they arise under the United States Constitution, and 28 U.S.C. § 1343 and because Plaintiffs seek relief under 42 U.S.C. § 1983.  This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district, and because the Defendant operates or does business in this judicial district, thus residing in this district for purposes of 28 U.S.C. §§ 1391(c)(2) and 1391(d).

ALLEGATIONS

9.

Plaintiffs object to being compelled to financially contribute to the Oregon State Bar as a condition of their being able to engage in their state regulated profession.

10.

Plaintiffs object to policies and activities of Defendant which are political or ideological in nature and specifically object to many of those policies and activities.

11.

Plaintiffs object to be required to being a member of an organization as a condition of their being able to engage in their state regulated profession.

///

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

12.

Other options exist, such as the licensing system utilized by the State of Oregon for all other professions regulated by the State of Oregon, to accomplish the purposes of the requirement of membership in the Defendant through means significantly less restrictive of Plaintiff's associational freedoms.

COUNT I

(Compulsory Union Fees Violate 42 U.S.C. § 1983 and the United States Constitution)

13.

Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

14.

By requiring under color of state law that Plaintiffs pay compulsory fees as a condition of their professional activities, Defendant is violating Plaintiffs' First Amendment rights to free speech, petitioning, and association, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

15.

As a result, Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiffs will continue to suffer irreparable harm and injury.

16.

The following Oregon laws that authorize compulsory fees are unconstitutional, both on their face and as applied to the Plaintiffs: ORS 9.010, 9.160, 9.166, 9.180, 9.191 and 9.200.

///

///

COMPLAINT - Page 4

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

COUNT II

17.

In the alternative, and if the Plaintiffs' First Claim is denied, by failing to reduce the dues which Plaintiffs' are compelled to pay for political or ideological activities violates Plaintiffs' First Amendment rights as secured by the Fourteenth Amendment to the United States Constitution in violation of the holding of the US Supreme Court in *Keller v. State Bar of California*, 496 U.S. 1 (1990).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Issue a declaratory judgment against the Defendant that:

1. It is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to seize or require payment of compulsory fees from Plaintiffs;

2. The following statutory provisions are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and are null and void:  ORS 9.010, 9.160, 9.166, 9.180, 9.191 and 9.200.

 B. Issue preliminary and permanent injunctions against the Defendant that prohibit the Defendant from collecting compulsory fees from Plaintiffs or otherwise requiring that they pay compulsory fees to an organization as a condition of their practice of their state regulated profession.

C. Award Plaintiffs judgment for all compulsory fees seized from them under color of state law from the beginning of the applicable statute of limitations to the date of the said award.

D. Pursuant to 42 U.S.C. § 1988, award Plaintiffs their costs, including reasonable

COMPLAINT - Page 5

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

attorneys' fees incurred in the litigation of this case.

E. If Plaintiffs' First Count is not successful, awarding damages for dues collected to the extent that they are for political or ideological activities of Defendant.

F.  Ordering such further relief as is just and proper.

Dated this 29th day of August, 2018.

/s/ Michael L. Spencer
Michael L. Spencer, OSB 830907

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com



Feb. 23, 2018

## Statement on White Nationalism and Normalization of Violence

As the United States continues to grapple with a resurgence of white nationalism and the normalization of violence and racism, the Oregon State Bar remains steadfastly committed to the vision of a justice system that operates without discrimination and is fully accessible to all Oregonians. As we pursue that vision during times of upheaval, it is particularly important to understand current events through the lens of our complex and often troubled history. The legacy of that history was seen last year in the streets of Charlottesville, and in the attacks on Portland's MAX train. We unequivocally condemn these acts of violence.

We equally condemn the proliferation of speech that incites such violence. Even as we celebrate the great beneficial power of our First Amendment, as lawyers we also know it is not limitless. A systemic failure to address speech that incites violence emboldens those who seek to do harm, and continues to hold historically oppressed communities in fear and marginalization.

As a unified bar, we are mindful of the breadth of perspectives encompassed in our membership. As such, our work will continue to focus specifically on those issues that are directly within our mission, including the promotion of access to justice, the rule of law, and a healthy and functional judicial system that equitably serves everyone. The current climate of violence, extremism and exclusion gravely threatens all of the above. As lawyers, we administer the keys to the courtroom, and assist our clients in opening doors to justice. As stewards of the justice system, it is up to us to safeguard the rule of law and to ensure its fair and equitable administration. We simply cannot lay claim to a healthy justice system if whole segments of our society are fearful of the very laws and institutions that exist to protect them.

In today's troubling climate, the Oregon State Bar remains committed to equity and justice for all, and to vigorously promoting the law as the foundation of a just democracy. The courageous work done by specialty bars throughout the state is vital to our efforts and we continue to be both inspired and strengthened by those partnerships. We not only refuse to become accustomed to this climate, we are intent on standing in support and solidarity with those historically marginalized, underrepresented and vulnerable communities who feel voiceless within the Oregon legal system.

**Vanessa A. Nordyke**
2018 President
Board of Governors

**Jonathan Puente**
Director of Diversity & Inclusion

**Helen Hierschbiel**
Chief Executive Officer

**Christine R. Costantino**
2018 President-elect
Board of Governors

**Liani Reeves**
Board of Governors
Liaison to the Advisory Committee
on Diversity & Inclusion

**Jonathan Patterson**
Chairperson
Advisory Committee
on Diversity & Inclusion