IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Diane L. Gruber and Mark Runnels,<br><br>　　　　Plaintiffs,<br><br>　　　vs.<br><br>Oregon State Bar, a public corporation,<br><br>　　　　Defendant. | Case No. 3:18-cv-01591-JR<br><br>PLAINTIFFS' FRCP 15 MOTION TO AMEND COMPLAINT |

**CERTIFICATION OF COMPLIANCE WITH LR 7-1(A)(1)**

Counsel for Plaintiffs certify that I have conferred with Defendant's counsel and Defendant does not oppose this motion.

MOTION

Michael L. Spencer, OSB #830907<br>
403 Main St.<br>
Klamath Falls, OR 97601<br>
541-883-7139<br>
mlslaw@live.com

MOTION TO AMEND
Page 1

1    COMES NOW Plaintiffs, by and through their attorney, Michael L. Spencer, and
2 moves the Court for an Order pursuant to FRCP 15(2) to amend their Complaint in this
3 matter to add additional Defendants, who are all Officers of Defendant Oregon State Bar,
4 and who would be sued in their official capacity.

5                                    MEMORANDUM

6    FRCP 15(2) provides that "[t]he court should freely give leave when justice so
7 requires."  In this matter, Plaintiffs seek to amend their Complaint to add three (3)
8 individuals who are all Officers of the Oregon State Bar as Defendants.  This amendment
9 is necessary to ensure that this case may go forward if it is determined that Defendant
10 Oregon State Bar has Eleventh Amendment immunity.  The 9th Circuit has held:

> "The Eleventh Amendment does not bar the Students' claim for declaratory and injunctive relief against the individual defendants, sued in their official capacities, who have responsibility for the administration of the Fees.  See *Native Village v. Blatchford*, 38 F.3d 1505, 1511 (9th Cir.1994); see generally *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Ex Parte Young* provided a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities. See 209 U.S. at 155-56, 28 S.Ct. 441."

*Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir., 1999)

Dated this January 3, 2019.

                                 /s/ Michael L. Spencer
                                 Michael L. Spencer, OSB #830907
                                 403 Main St.
                                 Klamath Falls, OR 97601
                                 541-883-7139
                                 mlslaw@live.com
                                 Attorney for Plaintiffs

MOTION TO AMEND
Page 2

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Diane L. Gruber and Mark Runnels,<br><br>　　　　Plaintiffs,<br><br>　　　vs.<br><br>Oregon State Bar, a public corporation, Christine Constantino, President of the Oregon State Bar; Helen Hierschbiel, Chief Executive Officer of the Oregon State Bar,,<br><br>　　　　Defendants. | Case No. 3:18-cv–1591-JR<br><br>1st AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATION, INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES<br><br>42 USC §1983 (Freedom of Speech)<br>42 USC §1983 (Freedom of Association)<br>42 USC §1988 (Attorney Fees) |

Plaintiffs allege:

1.

1st AMENDED COMPLAINT - Page 3

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

1  Plaintiffs are all residents of the State of Oregon and are attorneys admitted by the
2  Oregon State Supreme Court to practice law.  They are all members of the Oregon State
3  Bar as required by ORS 9.160.

4  2.

5  Defendant Oregon State Bar (OSB) is a public corporation established pursuant to
6  ORS 9.010.

7  3.

8  Defendant Christine Constantino is a resident of Oregon, and President of the
9  Oregon State Bar. As President of OSB, Defendant Christine Constantino is responsible
10 for creating and implementing procedural safeguards required to ensure member dues are
11 used only for "chargeable" activities—meaning only those germane to improving the
12 quality of legal services through the regulation of attorneys. Defendant Christine
13 Constantino  also participates in determining positions on legislation and ballot measures
14 both as a member of the Board of Governors and the Legislative Committee. Defendant
15 Christine Constantino  is responsible for enforcing the laws requiring membership and
16 funding of OSB as a prerequisite to practicing law in the State of Oregon. Defendant
17 Christine Constantino is currently implementing and enforcing the unconstitutional
18 practices and polices complained of in this action. Defendant Christine Constantino is
19 sued in her official capacity.

20 4.

21 Defendant Helen Hierschbiel is a resident of Oregon, and Executive Director of
22 OSB. In that capacity, Defendant Helen Hierschbiel is responsible for creating
23 and implementing procedural safeguards required to ensure member dues are used only
24 for chargeable activities. As Executive Director, Defendant Helen Hierschbiel also serves

1st AMENDED COMPLAINT - Page 4

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

as the chief lobbyist of OSB and works with the Legislative Committee to develop and implement OSB's legislative priorities. Defendant Helen Hierschbiel is responsible for enforcing the laws requiring membership and funding of OSB as a prerequisite to practicing law in the State of Oregon. Defendant Helen Hierschbiel is currently implementing and enforcing the unconstitutional practices and polices complained of in this action. Defendant Helen Hierschbiel is sued in her official capacity.

5.

Plaintiffs are compelled to pay various fees, assessments and dues to Defendant OSB pursuant to ORS 9.191 as a condition of engaging in their state regulated profession.

6.

Defendant OSB engages in various types of political and ideological activities which Plaintiffs do not agree with. An example of such activities includes the "Statement on White Nationalism and Normalization of Violence" published in the April 2018 Oregon State Bar Bulletin, which is paid for, in part, by the dues which Plaintiffs are compelled to pay. A true and accurate copy of the "Statement on White Nationalism and Normalization of Violence" is attached hereto and by this reference incorporated herein.

7.

Plaintiffs submit that this collection of compulsory fees from them violates their rights under the First Amendment to the United States Constitution as recently set out by the US Supreme Court in *Janus v. American Federation of State, County and Municipal Employees, et al*, ___ S. Ct. ) _____ (No. 16–1466) (2018). They seek: (a) a declaratory judgment against Defendant to this effect; (b) injunctive relief that prohibits Defendant from seizing compulsory fees from them in the future; and (c) damages from the Defendant for compulsory fees wrongfully seized from them.

1st AMENDED COMPLAINT - Page 5

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

JURISDICTION AND VENUE

8.

This is an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiffs by the Constitution of the United States, particularly the First and Fourteenth Amendments.

8.

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, because they arise under the United States Constitution, and 28 U.S.C. § 1343 and because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

10.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district, and because the Defendants operate or do business in this judicial district, thus residing in this district for purposes of 28 U.S.C. §§ 1391(c)(2) and 1391(d).

ALLEGATIONS

11.

Plaintiffs object to being compelled to financially contribute to the Defendant OSB as a condition of their being able to engage in their state regulated profession.

12.

Plaintiffs object to policies and activities of Defendant OSB which are political or ideological in nature and specifically object to many of those policies and activities.

13.

1st AMENDED COMPLAINT - Page 6

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

Plaintiffs object to be required to being a member of an organization as a condition of their being able to engage in their state regulated profession.

14.

Other options exist, such as the licensing system utilized by the State of Oregon for all other professions regulated by the State of Oregon, to accomplish the purposes of the requirement of membership in the Defendant OSB through means significantly less restrictive of Plaintiff's associational freedoms.

COUNT I

(Compulsory Union Fees Violate 42 U.S.C. § 1983 and the United States Constitution)

15.

Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

16.

By requiring under color of state law that Plaintiffs pay compulsory fees as a condition of their professional activities, Defendants are violating Plaintiffs' First Amendment rights to free speech, petitioning, and association, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

17.

As a result, Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiffs will continue to suffer irreparable harm and injury.

18.

The following Oregon laws that authorize compulsory fees are unconstitutional, both on their face and as applied to the Plaintiffs: ORS 9.010, 9.160, 9.166, 9.180, 9.191 and 9.200.

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

## COUNT II

19.

In the alternative, and if the Plaintiffs' First Claim is denied, by failing to reduce the dues which Plaintiffs' are compelled to pay for political or ideological activities violates Plaintiffs' First Amendment rights as secured by the Fourteenth Amendment to the United States Constitution in violation of the holding of the US Supreme Court in *Keller v. State Bar of California*, 496 U.S. 1 (1990).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Issue a declaratory judgment against the Defendants that:

1. It is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to seize or require payment of compulsory fees from Plaintiffs;

2. The following statutory provisions are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and are null and void: ORS 9.010, 9.160, 9.166, 9.180, 9.191 and 9.200.

B. Issue preliminary and permanent injunctions against the Defendants that prohibit the Defendants from collecting compulsory fees from Plaintiffs or otherwise requiring that they pay compulsory fees to an organization as a condition of their practice of their state regulated profession.

C. Award Plaintiffs judgment for all compulsory fees seized from them under color of state law from the beginning of the applicable statute of limitations to the date of the said award.

D. Pursuant to 42 U.S.C. § 1988, award Plaintiffs their costs, including reasonable

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

1  attorneys' fees incurred in the litigation of this case.

2  E. If Plaintiffs' First Count is not successful, awarding damages for dues collected to the

3  extent that they are for political or ideological activities of Defendants.

4  F.  Ordering such further relief as is just and proper.

5  Dated this

```
                                          _____
                                          Michael L. Spencer, OSB 830907
```

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing MOTION FOR PARTIAL SUMMARY JUDGMENT on:

Steven M. Wilker
Attorney at Law
Tonkon Torp LLP
888 SW Fifth Avenue
Suite 1600
Portland, OR 97204
steven.wilker@tonkon.com

of Attorneys for Defendant

by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

January 3, 2019.

        /s/ Michael L. Spencer
        Michael L. Spencer, OSB #830907
        Attorney for Plaintiffs

1st AMENDED COMPLAINT - Page 10

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com