**Steven M. Wilker**, OSB #911882
  Direct Dial: 503.802.2040
  Email: steven.wilker@tonkon.com
**Paul M. Balmer**, OSB # 203429
  Direct Dial: 503 802-5745
  Email: paul.balmer@tonkon.com
Tonkon Torp LLP
888 SW Fifth Avenue
Suite 1600
Portland, OR 97204

        Attorneys for Defendants

*See Signature Page for Additional Counsel*


                    UNITED STATES DISTRICT COURT

                        DISTRICT OF OREGON

                        PORTLAND DIVISION


DIANE L. GRUBER and MARK RUNNELS,          Civil No. 3:18-cv-01591-JR

                Plaintiffs,
                                           **DEFENDANTS' OPPOSITION TO**
        v.                                 **PLAINTIFFS' MOTION FOR**
                                           **SUMMARY JUDGMENT**
OREGON STATE BAR, a Public Corporation, et
al.,

                Defendants.

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    INTRODUCTION AND BACKGROUND ...................................................................... 1

II.    ARGUMENT .................................................................................................................. 2

    A.    Legal Standard ................................................................................................... 2

    B.    Plaintiffs Failed to Comply with Local Rule 7-1 and Their
        Motion Is Premature ........................................................................................... 3

    C.    Plaintiffs Fail to Show What Level of Scrutiny Is Appropriate ........................... 5

        1.    This Court should apply rational basis review to the
            challenged regulations, so the Motion fails. ............................................... 6

        2.    Strict scrutiny is not appropriate for Plaintiffs' claim ............................... 6

        3.    If this Court applies the same standard as it did to
            Plaintiffs' freedom of speech claim, Plaintiffs' association
            claim fails. .................................................................................................. 7

        4.    If rational basis does not apply, then "exacting scrutiny"
            as applied under *Keller* is the proper standard ........................................... 8

    D.    On This Record, Plaintiffs Fail to Show the Bar Cannot Satisfy
        *Keller* ................................................................................................................ 9

        1.    Plaintiffs offer no evidence of associational harm .................................... 10

        2.    Even assuming associational harm, Plaintiffs' Motion
            still fails ...................................................................................................... 11

III.    CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ......................................................................................2, 5

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*,
   140 S. Ct. 2335 (2020) .......................................................................................6

*Bowers v. Experian Info. Sols., Inc.*,
   No. CIVIL 08-1436-AC, 2009 WL 2136632 (D. Or. July 15, 2009) ........................................3

*Boy Scouts of Am. v. Dale*,
   530 U.S. 640 (2000) ........................................................................................10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..........................................................................................2

*Crowe v. Oregon State Bar*,
   989 F.3d 714 (9th Cir. 2021) ...............................................................1, 10, 11, 12

*Fleck v. Wetch*,
   937 F.3d 1112, 1116 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 1294 (2020)............................9

*Gruber v. Oregon State Bar*,
   No. 3:18-CV-1591-JR, 2019 WL 2251826 (D. Or. Apr. 1, 2019), *report and
   recommendation adopted*, No. 3:18-CV-1591-JR, 2019 WL 2251282 (D. Or.
   May 24, 2019)....................................................................................1, 7, 12

*Harris v. Quinn*,
   573 U.S. 616 (2014)...........................................................................................8

*Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*,
   138 S. Ct. 2448 (2018)................................................................................6, 8, 10

*Keller v. State Bar of Cal.*,
   496 U.S. 1 (1990)..............................................................................1, 2, 7, 8, 9, 11

*Lathrop v. Donahue*,
   367 U.S. 820 (1961)........................................................................................6, 9

*Lincoln Club of Orange Cty. v. City of Irvine, CA*,
   292 F.3d 934 (9th Cir. 2002) ..............................................................................7

*McCullen v. Coakley*,
   573 U.S. 464 (2014) ..................................................................................................7

*McDonald v. Longley*,
   4 F.4th 229 (5th Cir. 2021) ..................................................................................9, 11

*Ohralik v. Ohio State Bar Assoc.*,
   436 U.S. 447 (1978) ..................................................................................................1

*Roberts v. U.S. Jaycees*,
   468 U.S. 609 (1984) ................................................................................................10

*Scottsdale Ins. Co. v. Horowitz*,
   No. 1:17-CV-00381-AA, 2017 WL 4182814 (D. Or. Sept. 21, 2017) .....................3

*Sweet v. Clark Cty. WA Off. of Indigent Def.*,
   No. 3:18-CV-00124-YY, 2018 WL 3520178, at *1 (D. Or. June 19, 2018),
   *report and recommendation adopted*, No. 3:18-CV-00124-YY, 2018 WL
   3521391 (D. Or. July 20, 2018) ..............................................................................5

*T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) ...................................................................................2

*Taylor v. Buchanan*,
   4 F.4th 406 (6th Cir. 2021) ......................................................................................8

*Thompson ex rel. Thorp Fam. Charitable Remainder Unitrust v. Federico*,
   324 F. Supp. 2d 1152 (D. Or. 2004) ........................................................................3

*Williams-Yulee v. Fla. Bar*,
   575 U.S. 433 (2015) ..................................................................................................6

**Statutes**

ORS § 9.100 ...................................................................................................................12

**Other Authorities**

Fed.R.Civ.P. § 56(a) .......................................................................................................2

Fed.R.Civ.P. § 56(d) ...................................................................................................5, 10

Fed.R.Civ.P. § 56(d)(1) .................................................................................................10

Local Rule 7-1 ........................................................................................................2, 3, 4

Local Rule 7-1(a) ........................................................................................................3, 5

Local Rule 7-1(c) ............................................................................................................5

U.S. Const., Amend I ...............................................................................................1, 6, 7

U.S. Const., Amend XIV ...............................................................................................1

I.    INTRODUCTION AND BACKGROUND

The Oregon State Bar ("the Bar") regulates the practice of law in Oregon, helping ensure that lawyers meet the high ethical standards essential to their role "as assistants to the court in search of a just solution to disputes." *Ohralik v. Ohio State Bar Assoc.*, 436 U.S. 447, 460 (1978). Plaintiffs Diane Gruber and Mark Runnels are, respectively, a former and a current member of the Bar who claim that the Bar and its officers violated their First and Fourteenth Amendment rights by requiring them to become members of the Bar and pay membership fees as a condition of practicing law in Oregon.

Defendants moved to dismiss Plaintiffs' Complaint as foreclosed by the Supreme Court's decision in *Keller v. State Bar of Cal.*, 496 U.S. 1 (1990); this Court agreed. *Gruber v. Oregon State Bar*, No. 3:18-CV-1591-JR, 2019 WL 2251826 (D. Or. Apr. 1, 2019), *report and recommendation adopted*, No. 3:18-CV-1591-JR, 2019 WL 2251282 (D. Or. May 24, 2019). The Ninth Circuit affirmed dismissal of Plaintiffs' claims to the extent they alleged free speech violations, but found the freedom of association claim outside the scope of *Keller* and remanded for further consideration. *See Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021).[1] The *Crowe* panel left open only the narrow question of whether mandatory membership in an integrated bar—independent of compelled financial support—violated a member's right to freedom of association. *Id.* at 729. The Ninth Circuit noted that determination would require the district court to address "a number of complicated issues," such as the appropriate standard of analysis, the relevance of *Keller,* and whether the Bar can meet that standard. *Id.*

Plaintiffs' Motion for Summary Judgment strays beyond the scope of the Ninth Circuit's remand and fails to answer the narrow questions *Crowe* posed. Plaintiffs do not mention *Keller* once, choosing instead to reference inapposite First Amendment cases before concluding— without support—that mandatory bar membership cannot satisfy Supreme Court scrutiny. Most significantly, Plaintiffs fail to articulate a cognizable freedom of association claim because they

[1]    The Ninth Circuit opinion jointly addressed the claims of the Gruber and Crowe plaintiffs.

PAGE 1 –    **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

do not identify any associational harm or credibly contend that the Bar's existing procedures (that have already passed constitutional muster) do not adequately mitigate the risk of such injury.

*Keller* remains good law and provides the proper analysis.  Plaintiffs have failed to carry their summary judgment burden.  The Court should deny the Motion.

## II.    ARGUMENT

As a threshold matter, Plaintiffs' motion should be denied for failing to comply with LR 7-1 and because it is premature.  On the merits, Plaintiffs' Motion for Summary Judgment fails because Plaintiffs do not establish what level of scrutiny should apply and do not establish undisputed facts demonstrating that the Bar cannot satisfy the applicable level of scrutiny.

### A.    Legal Standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Substantive law on an issue determines the materiality of a fact.  *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  *Id.* at 324.  Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *T.W. Elec.*, 809 F.2d at 630.

**B.      Plaintiffs Failed to Comply with Local Rule 7-1 and Their Motion Is
Premature.**

Plaintiffs' Motion for Summary Judgment should be denied for failure to comply with

Local Rule 7-1, which provides in relevant part:

> (a) Certification Requirements
>
>> (1) Except for motions for temporary restraining orders, the first
>> paragraph of every motion must certify that:
>>
>>> (A)   In compliance with this Rule, the parties made a good faith
>>> effort through personal or telephone conferences to resolve
>>> the dispute and have been unable to do so; or
>>>
>>> (B)   The opposing party willfully refused to confer; or
>>>
>>> (C)   The moving party or opposing party is a prisoner not
>>> represented by counsel.
>>
>> (2) When conferring about a dispositive motion, the parties must discuss
>> each claim, defense, or issue that is the subject of the proposed motion.
>>
>> (3) The Court may deny any motion that fails to meet this certification
>> requirement.

A counsel's "failure to comply with LR 7-1(a) supplies an independent basis for denying [a

summary judgment] motion." *Scottsdale Ins. Co. v. Horowitz*, No. 1:17-CV-00381-AA, 2017

WL 4182814, at *3 (D. Or. Sept. 21, 2017); *Thompson ex rel. Thorp Fam. Charitable Remainder*

*Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004) (explaining "[i]f the rule is to

mean anything at all, at least the spirit of its substantive requirements must be met" and denying

motion after plaintiff failed to confer); *Bowers v. Experian Info. Sols., Inc.*, No. CIVIL 08-1436-

AC, 2009 WL 2136632, at *1 (D. Or. July 15, 2009) ("The remedy for a violation of LR 7.1(a) is

denial of the motion").

Plaintiffs' counsel's conduct did not satisfy the LR 7-1 requirements.  Plaintiffs' counsel

made no attempt to contact counsel for Defendants by telephone.  Mr. Spencer sent a single

email to Steven Wilker on Monday, July 26, 2021 at 10:40 a.m., stating:  "I am preparing to file

a Motion for Summary Judgment on the Freedom of Association issue.  I assume you object but

could you please confirm that for my Certification?" (Wilker Decl., ¶ 3, Ex. 1). As Mr. Wilker was busy preparing for oral argument on motions to dismiss scheduled for Tuesday, July 27, in two actions pending before Judge Simon, he did not respond immediately. (*Id.*, ¶ 4). On Wednesday, July 28, at 12:57 p.m., Mr. Wilker wrote back to Mr. Spencer: "My apologies for the delayed response. While we almost certainly oppose, I do think it is worth at least a brief discussion as to your basis for seeking summary judgment. I am available between 2 and 4 today or tomorrow after 9:30 am to discuss. Please let me know what works for you." (*Id.*, ¶ 5, Ex. 2). Mr. Spencer responded at 1:07 p.m., noting: "Sorry but your email came in just as I was filing it. You should have copies by now. I have no problem discussing it after your *[sic]* have had an opportunity to review ith *[sic]*." (*Id.*, ¶ 6, Ex. 3). The Court's ECF notice indicates that the Motion was filed at 12:58 p.m., with the Declarations of each Plaintiff and their Memorandum following at 1:00, 1:01, and 1:02 p.m. (*Id.*, ¶ 7, Exs. 4–7).

Mr. Spencer's single email to one of the five lawyers representing Defendants, without even attempting to call Mr. Wilker or any of the other lawyers representing Defendants, is not sufficient to comply with LR 7-1. Plaintiffs did not make a good faith effort through personal or telephone conferences to resolve the dispute. (Wilker Decl., ¶ 8). Defendants did not willfully refuse to confer. (*Id.*, ¶ 9). Because Mr. Spencer filed the motion before receiving Mr. Wilker's response and without having attempted to reach Mr. Wilker or any of the four other lawyers representing Defendants by telephone, the parties did not "discuss each claim, defense, or issue that is the subject of the proposed motion." (*Id.*, ¶ 8). Though proper conferral might not have resolved the disputes, it could have narrowed the issues now before the Court and allowed Defendants to better understand Plaintiffs' meandering arguments. Plaintiffs' offer to confer

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE 4 –    **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

after the fact is not a sufficient substitute.  Because Plaintiffs' counsel did not comply with Local

Rule 7-1(a),[2] his certification was inaccurate and Plaintiffs' Motion for Summary Judgment

should be denied for that reason alone.

Moreover, Plaintiffs' Motion is premature because discovery is ongoing.  "[S]ummary

judgment [should] be refused where the nonmoving party has not had the opportunity to discover

information that is essential to [its] opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

250 n.5, (1986); *Sweet v. Clark Cty. WA Off. of Indigent Def.*, No. 3:18-CV-00124-YY, 2018

WL 3520178, at *1 (D. Or. June 19, 2018), *report and recommendation adopted*, No. 3:18-CV-

00124-YY, 2018 WL 3521391 (D. Or. July 20, 2018) (denying summary judgment where

defendant had no opportunity to conduct discovery into an "ambiguous" complaint).  Under

Federal Rule of Civil Procedure 56(d), Defendants should have the opportunity to depose

Plaintiffs regarding their alleged associational harm before the Court rules on the motion for

summary judgment.  (Wilker Decl., ¶ 11).  As explained below in D.1., Plaintiffs fail to support

their arguments with evidence beyond shallow declarations.  Because Defendants have not yet

been able to complete discovery into the factual bases for Plaintiffs' surviving claims, summary

judgment is premature and should be denied.

## C.      Plaintiffs Fail to Show What Level of Scrutiny Is Appropriate

If the Court reaches the merits of Plaintiffs' Motion, it should deny the motion in any

event.  The Ninth Circuit directed this Court to determine the proper level of scrutiny for

Plaintiffs' surviving claims, but Plaintiffs would leave the Court guessing.  (*See* MSJ

Memorandum at 7:  "The point of the above the above discussion is to show that there are no

cases on point.")  Plaintiffs essentially ask the Court to recharacterize their surviving claims as

---

[2]      Plaintiffs also failed to comply with Local Rule 7-1(c), which provides:  "Every motion
must be supported by a legal memorandum. **The legal memorandum must be combined in a
single document with the motion.** A legal memorandum exceeding 20 pages must have a table
of contents and a table of cases and authorities with page references."  (Emphasis added).
Plaintiffs filed a separate legal memorandum (ECF 68) rather than combining it with the motion
(ECF 65).

PAGE 5 –     **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
             SUMMARY JUDGMENT**

generic free speech claims, isolated from the factual circumstances surrounding this case and the decades of binding precedent that control it.  This Court should decline.  Because Plaintiffs fail to show they are entitled to judgment as a matter of a law under any appropriate standard of scrutiny, summary judgment should be denied.

1.   **This Court should apply rational basis review to the challenged regulations, so the Motion fails.**

Courts apply the "rational basis" standard when reviewing government regulations that that "have only indirect impacts on speech."  *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2359 (2020) (Breyer, J., concurring in part).  Under that standard, so long as the challenged regulation furthers some legitimate government interest, it is constitutionally sound. Regulating the legal profession and requiring lawyers to be members of a state bar is one such legitimate interest.  *See Lathrop v. Donahue*, 367 U.S. 820, 843 (1961) ("It cannot be denied that this is a legitimate end of state policy.")   Plaintiffs assert that after *Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, 138 S. Ct. 2448 (2018), "we know that rational basis cannot be used," but do not cite to *Janus* for that proposition.  (Mot. at 12.)   That is likely because nothing in *Janus* suggests it.

Plaintiffs' Motion does not contend that the challenged regulations have more than indirect impacts on freedom of speech, nor can it.  As explained below, Plaintiffs do not articulate how mandatory association restricts their speech rights at all, let alone directly, and in any event, the Bar's procedures adequately prevent any unconstitutional impacts on speech. Accordingly, because the Bar's structure furthers a legitimate government interest without directly restricting Plaintiffs' speech, the Bar meets rational basis scrutiny and the Motion fails.

2.   **Strict scrutiny is not appropriate for Plaintiffs' claim.**

Plaintiffs urge this Court to apply existing "strict scrutiny"—the most searching analysis of a government's impact on First Amendment freedoms.  Under strict scrutiny, it is the "rare case" in which a state can demonstrate that the restriction on First Amendment rights is narrowly tailored to serve a compelling government interest.  *See, e.g.*, *Williams-Yulee v. Fla. Bar*, 575

U.S. 433, 444 (2015).  The challenged regulation "must be the least restrictive means" of achieving that compelling state interest.  *McCullen v. Coakley*, 573 U.S. 464, 478 (2014).  A court's determination to apply strict scrutiny depends on the specific First Amendment right at issue, the way that right is expressed, and the severity of the burdens the state imposes on the exercise of the right.  *Lincoln Club of Orange Cty. v. City of Irvine*, *CA*, 292 F.3d 934, 938 (9th Cir. 2002) (the level of scrutiny is "dictated by both the intrinsic strength of, and the magnitude of the burden placed on, the speech and associational freedoms at issue.")

Plaintiffs, however, offer no such analysis or reasoning why this Court should apply strict scrutiny to their claims.  Instead, the Motion is little more than a series of block quotations from various Supreme Court cases, seemingly unconnected to each other or to the facts of this case. For example, Plaintiffs insist that "the analysis of a Freedom of Association claim and one relating to Freedom of Speech should be the same," yet cite no case for that proposition.  (MSJ Memorandum at 7).  In essence, Plaintiffs appear to argue that because the First Amendment protects both the freedom of speech and freedom of association, "there is no logical reason" why strict scrutiny should not apply to any or all association claims.  (*Id.* at 15.)   Because Plaintiffs do not demonstrate why strict scrutiny should apply to this particular claim, the logical leap Plaintiffs ask this Court to make is too great.  Again, Plaintiffs have not shown they are entitled to judgment as a matter of law, so the Motion fails.

> **3.    If this Court applies the same standard as it did to Plaintiffs' freedom of speech claim, Plaintiffs' association claim fails.**

Plaintiffs repeatedly suggest that their surviving freedom of association claim should be analyzed akin to a free speech claim.  (*See* MSJ Memorandum at 7, 15.)  Indeed, this Court *did* apply the same analysis to all of Plaintiffs' First Amendment claims, and determined that *Keller* foreclosed them all.[3]  *Gruber*, 2019 WL 2251826, at *9–10 (applying *Keller*).  The Ninth Circuit agreed that *Keller* governed the free speech claim and affirmed dismissal.  Were this Court to

---

[3]    As pled, Plaintiffs bring undifferentiated First Amendment claims (*see* First Amended Complaint [ECF 39] at ¶¶ 16–19), though they apparently concede that only an associational claim remains on remand.  (Mot. at 3–4.)

PAGE 7 –    **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

treat the association claim on remand as a speech claim—as Plaintiffs urge—*Keller* would again supply the proper analysis, and Plaintiffs would again lose. They make no effort to distinguish their association claim from the dismissed speech claim and make no effort to pursue it under *Keller*. To the extent Plaintiffs argue for a separate free speech analysis, they ask this Court to do what it plainly cannot: ignore controlling Supreme Court precedent that plainly supplies the standard for free speech claims related to an integrated state bar.

But even if the Court is swayed by Plaintiffs' arguments to apply a free speech analysis, the summary judgment inquiry ends there as well, because the association claim would necessarily rise or fall with the speech claim, and is therefore futile under *Keller.*

### 4.    If rational basis does not apply, then "exacting scrutiny" as applied under *Keller* is the proper standard.

Plaintiffs effectively concede that exacting scrutiny likely applies, which, in this context, means that *Keller* effectively applies to their association claim. When using exacting scrutiny, courts determine if a government regulation "serves a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." *Janus*, 138 S. Ct. at 2465 (internal citations omitted). The Supreme Court has explained that *Keller* "fits comfortably" within the exacting scrutiny framework. *Harris v. Quinn*, 573 U.S. 616, 655 (2014). Numerous circuit courts have likewise held that *Janus* does not alter the *Keller* test — *Keller* remains good law. *See*, *e.g.*, *Taylor v. Buchanan*, 4 F.4th 406, 409 (6th Cir. 2021) (citing cases from the 5th, 7th, 8th, 9th, and 10th Circuits).

A challenged regulation that satisfies *Keller* therefore also passes exacting scrutiny: (1) it cannot be reasonably disputed that states have a compelling interest regulating the legal profession, improving the quality of legal services, and allocating the costs of regulation to attorneys rather than the general public, and (2) *Keller* ensures those goals cannot be achieved through significantly less restrictive through its requirements that the Bar's speech be germane to its permitted activities and that the Bar have procedural safeguards to prevent non-germane speech. *See Harris*, 573 U.S. at 655–656 (reaffirming "State's interest in regulating the legal

profession and improving the quality of legal services," as well as recognizing the state's "strong interest in allocating to the members of the bar, rather than the general public, the expense of ensuring that attorneys adhere to ethical practices"); *McDonald v. Longley*, 4 F.4th 229, 252–54 (5th Cir. 2021). Accordingly, even applying exacting scrutiny, this Court can conduct a straightforward *Keller* analysis to determine that Plaintiffs are not entitled to judgment as a matter of law.

**D.      On This Record, Plaintiffs Fail to Show the Bar Cannot Satisfy *Keller***

Assuming that exacting scrutiny under *Keller* applies, Plaintiffs' fail to show that the Bar cannot satisfy that standard, and this Court should deny summary judgment for two reasons. First, Plaintiffs have offered no evidence of associational harm.[4] There is no demonstrated infringement on Plaintiffs' freedom to associate, regardless whether the Bar's actions were germane or not. Nor do Plaintiffs point to any associational harm. Second, even if Plaintiffs had offered evidence of harm to their freedom of association, the Bar's procedural safeguards— including its prohibition of non-germane activities and its refund procedures—prevent and redress any such harms and are constitutionally adequate.

Significantly, and fatal to Plaintiffs' motion, a court cannot apply exacting scrutiny on a bare evidentiary record. In *Fleck v. Wetch*, the Eighth Circuit rejected a similar mandatory association claim against an integrated bar in part because the summary judgment record was devoid of the type of detailed information discussed by the Supreme Court in *Lathrop*, such as the legislative decision to adopt an integrated bar, the extent of associational burdens, and—if applying exacting scrutiny—whether the compelling state interests could be met by means significantly less restrictive of associational freedoms. 937 F.3d 1112, 1116 (8th Cir. 2019) (on

---

[4]      Plaintiff's declarations simply assert that they did not want to be members of the Oregon State Bar because it did not always have the same political, social, or ideological views as Plaintiffs, but they had no choice if they wanted to practice their profession. They also complain that if they wanted to resign, a resignation would not be effective until accepted by the Oregon Supreme Court. Finally, they complain about paying dues and assessments for continuing legal education and professional malpractice insurance. But Plaintiffs never explain how these requirements impermissibly burden their freedom of association.

PAGE 9 –    **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

remand after *Janus*) *cert. denied*, 140 S. Ct. 1294 (2020).  Significantly, under Rule 56(d), the court may deny a motion where the nonmovant cannot present facts essential to its opposition. Fed. R. Civ. Pro. 56(d)(1).  The nature of Plaintiffs' associational freedoms and how they allege those freedoms were infringed are essential factual components of their claims (and any defense), and should be part of the summary judgment record.  Because Defendants have not had an opportunity to depose Plaintiffs and uncover those facts, (Wilker Decl., ¶ 11), summary judgment is at best premature, and this Court should deny Plaintiffs' Motion pursuant to Rule 56(d).

### 1.    Plaintiffs offer no evidence of associational harm.

A plaintiff's freedom of association claim fails when she cannot demonstrate how the challenged law "imposes serious burdens" on her freedom of expressive association.  *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 626 (1984); *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 653 (2000) (having found a group engaged in expressive association, the Court next determined if the challenged law "would significantly burden" associational rights).  Evidence of the extent and form of alleged associational harm is relevant to exacting scrutiny because without it, a court cannot determine how alternative means might be significantly less restrictive—the court would have nothing to measure against.  *See Janus*, 138 S. Ct. at 2468–69 (describing how alternative methods of providing nonmember representation would harm nonmembers significantly less than the existing fee structure).

Plaintiffs fail to demonstrate how the Bar's structure imposes serious burdens on their freedom to associate, so summary judgment should be denied on that basis alone.  Ms. Gruber for her part, is no longer a member of the Bar, so cannot credibly contend that she is forced to associate at all.  (ECF 70.)  To the extent she ever was required to associate, her choice to avail herself of membership in voluntary sections of the Bar is inconsistent with allegations that being a member of the Bar caused her associational harm.  (Wilker Decl., ¶ 10, Ex. 8).

In *Crowe*, the Ninth Circuit made clear that compelled financial support was not part of Plaintiffs' surviving association claim, but Plaintiffs offer this Court no clues as to what—if not

compelled financial support for non-germane speech—could constitute their associational harms. *See Crowe*, 989 F. 3d at 729. Plaintiffs write "is *[sic]* cannot be argued that Oregon's laws requiring membership in the Oregon State Bar, enforced by the Oregon State Bar, infringe upon Plaintiffs' right to Freedom of Association." (MSJ Memorandum at 4.)[5] And indeed, Plaintiffs *do not* argue that point, nor do they make any effort to show how the Bar infringes their associational rights, let alone establishing undisputed facts as to such harms.[6] Further, Plaintiffs simply assert that "licensing" is "significantly less restrictive of association freedoms," without articulating what restriction "licensing" would lessen.[7] (MSJ Memorandum at 13.) This Court need not speculate as to Plaintiffs' associational injuries or how another state's system might significantly lessen those amorphous injuries. Plaintiffs' Motion for Summary judgment should be denied.

### 2. Even assuming associational harm, Plaintiffs' Motion still fails.

Even if Plaintiffs had met their evidentiary burden by establishing the significant burdens on their freedoms of association, the Court should deny summary judgment because the Bar's procedural safeguards meet exacting scrutiny. Under *Keller*, which remains the proper test for the challenged activities of an integrated state bar, an integrated bar must have procedural safeguards to prevent any constitutional harm caused by non-germane activity. *See Keller*, 496 U.S. at 1; *McDonald*, 4 F.4th at 252 (associational challenge to an integrated bar warranted "straightforward application of *Keller*").

---

[5]    Even if Plaintiffs actually meant the opposite, they fail to explain or to offer evidence how their associational rights have been unconstitutionally infringed.

[6]    The closest Plaintiffs come to making this argument is declaring that "Oregon's laws mandating membership in the Bar certainly impinges [sic] upon constitutionally protected rights." (MSJ Memorandum at 8.) This proclamation is followed by a block quote expressing the unexceptional sentiment that First Amended rights should not be abridged by legislation, which is true as far it goes, but does not illustrate *how* Plaintiffs imagine their rights have been abridged.

[7]    It bears noting that even under a voluntary state bar "licensing" framework, Plaintiffs could still be required to complete continuing legal education programming and carry liability insurance, both costs that Plaintiffs allege are imposed by their membership in the Bar.

PAGE 11 –  **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Bar's procedural safeguards adequately prevent associational harm to its members. First, it does not and cannot conduct non-germane activity: 12.1 of the Bar's Bylaws require that the Bar's legislative or policy activities must be reasonably related to nine *Keller*-compliant subjects and the Bar's's statements within its monthly *Bulletin* must be "germane to the law, lawyers, the practice of law, the courts and the judicial system, legal education and the Bar in its role as a mandatory membership organization." Bylaws § 11.1. Second, if a member believes the Bar has strayed from *Keller*-required germaneness, Section 12.6 outlines a dispute-resolution procedure by which the member can (1) seek a refund of the member's dues used to support the non-germane activity, and (2) challenge the Bar's determination of germaneness before an impartial decision-maker. Third, the Bar's budgetary process gives members an opportunity to object for potentially non-germane activities in the future. *See* ORS 9.100 (requiring financial statement submission to the Chief Justice); Bylaws § 7.2 (Board of Governors' review of proposed budget during public meetings).

This Court has already found these procedures constitutionally adequate and should do so again. *Gruber*, 2019 WL 2251826 at *12. The *Crowe* panel determined the refund procedure cured any compelled speech issue and is "sufficient to minimize potential infringement on [the Bar] members' constitutional rights." *Crowe*, 989 F.3d at 726–27. There is no reason why any infringement on Plaintiffs' freedom of association would not be similarly minimized. That the only relief Plaintiffs seek is refunds of their dues proves this point: compelled financial support for non-germane activity was the heart of their failed speech claim, doomed by the Bar's refund and dispute procedures.[8] Finally, if compelled speech is a greater constitutional concern than mandatory association (as Plaintiffs imply), the Bar would clear the high hurdle only to stumble on the lower. This Court should not permit that irrational outcome.

---

[8]    *Crowe* specifically remanded only the narrow question of whether mandatory membership—"independent of compelled financial support"—violated associational freedoms. *Crowe*, 989 F.3d at 729. Plaintiffs' claim articulated in this Motion is outside of that ambit and thus fails.

PAGE 12 –  **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
                SUMMARY JUDGMENT**

In sum, rational basis review should apply to Plaintiffs' claims, and under that standard, Plaintiffs' claims fail.  Even if exacting scrutiny applies, Plaintiffs' claims still fail.  Plaintiffs fail to show that the state does not have a compelling interest in regulating attorneys and improving the the quality of legal services; Plaintiffs fail to show that the Bar's chosen means of achieving these interests causes Plaintiffs associational harm; and finally, Plaintiffs fail to show that the Bar's procedural safegaurds are inadequate.

## III.    CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion for Summary Judgment should be denied.

DATED this 8th day of September, 2021.

**TONKON TORP LLP**

By: _/s/ Steven M. Wilker_
    Steven M. Wilker, OSB No. 911882
    Email: steven.wilker@tonkon.com
    Paul M. Balmer, OSB No. 203429
    Email: paul.balmer@tonkon.com
    Direct Dial:  503-221-1440
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204

    **ELISA J. DOZONO**
    Elisa J. Dozono, OSB No. 063150
    Email: edozonoesq@gmail.com
    Direct Dial: 503-467-0907
    Attn: General Counsel's Office
    P.O. Box 231935
    Tigard, OR  97281-1935

    **SCHWABE, WILLIAMSON & WYATT**
    W. Michael Gillette, OSB No. 660458
    Email: wmgillette@schwabe.com
    Direct Dial:  503-796-2927
    1211 SW Fifth Avenue, Suite 1900
    Portland, OR  97204

**STOLL STOLL BERNE LOKTING &
SHLACHTER, P.C.**
Megan Houlihan, OSB No. 161273
Email: mhoulihan@stollberne.com
Direct Dial:  503 227-1600
209 SW Oak St Ste 500
Portland OR  97204

*Attorneys for Defendants*

PAGE 14 –  **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2021, I served the foregoing **DEFENDANTS'**

**OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

on:

> Michael L. Spencer
> 403 Main Street
> Klamath Falls, OR 97601
> 541-891-9426
> 541-314-4672 (fax)
> mlslaw@live.com
>
>   Attorney for Plaintiffs Diane L.
> Gruber and Mark Runnels

☑   By electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

☐   by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

DATE:  September 8, 2021

> TONKON TORP LLP
>
>
> By: *s/ Steven M. Wilker*_____
>   Steven M. Wilker, OSB No. 911882
>   Paul M Balmer, OSB No. 203429
>
>   Attorneys for Defendants

099997\32730\12678008v6

PAGE 1 – **CERTIFICATE OF SERVICE**