IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Diane L. Gruber and Mark Runnels, | ) |
| | ) Case No. 3:18-cv–1591-JR |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) 2nd AMENDED |
| Oregon State Bar, a public corporation, | ) COMPLAINT FOR CIVIL |
| Christine Constantino, President of the | ) RIGHTS VIOLATION, |
| Oregon State Bar; Helen Hierschbiel, | ) INJUNCTIVE AND DECLARATORY |
| Chief Executive Officer of the | ) RELIEF AND DAMAGES |
| Oregon State Bar,, | ) |
| | ) |
| Defendants. | ) 42 USC §1983 (Freedom of Speech) |
| | ) 42 USC §1983 (Freedom of Association) |
| | ) 42 USC §1988 (Attorney Fees) |
| _____ | ) |

Plaintiffs allege:

1.

                                              Michael L. Spencer, OSB #830907
                                              403 Main St.
                                              Klamath Falls, OR 97601
                                              541-883-7139
2nd AMENDED COMPLAINT - Page 1         mlslaw@live.com

1 Plaintiffs are all residents of the State of Oregon. Diane L. Gruber was an attorney admitted by the Oregon State Supreme Court to practice law in the Courts of the State but was allowed to resign at the end of 2020. Mark Runnels is an attorney admitted by the Oregon State Supreme Court to practice law in the Courts of the State. Diane L. Gruber was a member of the Oregon State Bar as required by ORS 9.160 and Mark Runnels continues to be a member of the Oregon State Bar as required by ORS 9.160.

2.

Defendant Oregon State Bar (OSB) is a public corporation established pursuant to ORS 9.010.

3.

Defendant Kamron Graham is a resident of Oregon, and President of the Oregon State Bar. Defendant Kamron Graham also participates in determining positions on legislation and ballot measures both as a member of the Board of Governors and the Legislative Committee. Defendant Kamron Graham is responsible for enforcing the laws requiring membership and funding of OSB as a prerequisite to practicing law in the State of Oregon. Defendant Kamron Graham is currently implementing and enforcing the unconstitutional practices and polices complained of in this action. Defendant Kamron Graham is sued in her official capacity.

4.

Defendant Helen Hierschbiel is a resident of Oregon, and Chief Executive Officer of OSB. In that capacity, Defendant Helen Hierschbiel is responsible for creating and implementing procedural safeguards required to ensure member dues are used only for chargeable activities. As Chief Executive Officer, Defendant Helen Hierschbiel also serves as the chief lobbyist of OSB and works with the Legislative Committee to develop

2nd AMENDED COMPLAINT - Page 2

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

1 and implement OSB's legislative priorities. Defendant Helen Hierschbiel is responsible
2 for enforcing the laws requiring membership and funding of OSB as a prerequisite to
3 practicing law in the State of Oregon. Defendant Helen Hierschbiel is currently
4 implementing and enforcing the unconstitutional practices and polices complained of in
5 this action. Defendant Helen Hierschbiel is sued in her official capacity.

5.

Plaintiffs incurred and Mark Runnels will continue to incurr expenses such as bar dues, mandatory liability insurance and continuing education expenses as a condition of engaging in their state regulated profession.

6.

Defendant OSB engages in various types of political and ideological activities which Plaintiffs do not agree with.  An example of such activities includes the "Statement on White Nationalism and Normalization of Violence" published in the April 2018 Oregon State Bar Bulletin, which is paid for, in part, by the dues which Plaintiffs are compelled to pay.  A true and accurate copy of the "Statement on White Nationalism and Normalization of Violence" is attached hereto and by this reference incorporated herein.

7.

Plaintiffs submit that requiring them to be a member of an organization which engages in political and ideological speech which they do not agree withviolates their right to freedom of association under the First Amendment to the United States Constitution. They seek: (a) a declaratory judgment against Defendant to this effect; (b) injunctive relief that prohibits Defendant from enforcing any laws requiring Mark Runnels to be a member of the Oregon State Bar in order to practice law; and (c) damages from the Defendant for expenses incurred by them in order to remain a member of the

2nd AMENDED COMPLAINT - Page 3

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

1  Oregon State Bar.

2                           JURISDICTION AND VENUE

3                                       8.

4      This is an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to

5  redress the deprivation, under color of state law, of rights, privileges, and immunities

6  secured to Plaintiffs by the Constitution of the United States, particularly the First and

7  Fourteenth Amendments.

8                                       8.

9      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331,

10 because they arise under the United States Constitution, and 28 U.S.C. § 1343 and

11 because Plaintiffs seek relief under 42 U.S.C. § 1983.  This Court has authority under 28

12 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

13                                      10.

14     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial

15 part of the events giving rise to the claim occurred in this district, and because the

16 Defendants operate or do business in this judicial district, thus residing in this district for

17 purposes of 28 U.S.C. §§ 1391(c)(2) and 1391(d).

18                                  ALLEGATIONS

19                                      11.

20     Plaintiffs object to being compelled to being required to be a member of the

21 Oregon State as a condition of their being able to engage in their state regulated

22 profession.

23                                      12.

24     Plaintiffs object to policies and activities of Defendant OSB which are political or

2nd AMENDED COMPLAINT - Page 4

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

ideological in nature and specifically object to many of those policies and activities.

13.

Plaintiffs object to be required to being a member of an organization as a condition of their being able to engage in their state regulated profession.

14.

Other options exist, such as the licensing system utilized by the State of Oregon for all other professions regulated by the State of Oregon, to accomplish the purposes of the requirement of membership in the Defendant OSB through means significantly less restrictive of Plaintiffs' freedom of association.

COUNT I

(Requiring Plaintiffs to be a member of the Oregon State Bar Violates 42 U.S.C. § 1983 and the United States Constitution)

15.

Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

16.

By requiring under color of state law that Plaintiffs be a member of an organization that engages in political and ideological speech which they object to as a condition of their professional activities, Defendants have and are violating Plaintiffs' First Amendment rights to freedom of association, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

17.

As a result, Plaintiff Mark Runnels is suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiff Mark Runnels will continue to suffer

2nd AMENDED COMPLAINT - Page 5

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

1 | irreparable harm and injury.

2 | 18.

3 |     ORS 9.160 that mandates membership in the Oregon State Bar in order for
4 | Plaintiffs to practice law is unconstitutional, both on its face and as applied to the
5 | Plaintiffs.

6 | <center>PRAYER FOR RELIEF</center>

7 | WHEREFORE, Plaintiffs pray that this Court:

8 | A. Issue a declaratory judgment against the Defendants that:

9 | 1. It is unconstitutional under the First Amendment, as secured against State infringement
10 | by the Fourteenth Amendment and 42 U.S.C. § 1983, to require Plaintiffs to be a member
11 | of an organization that engages in political and ideological speech which they object to in
12 | order for them to practice law;

13 | 2. That ORS 9.160 is unconstitutional under the First Amendment, as secured against
14 | State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and
15 | void.

16 |  B. Issue a permanent injunction against the Defendants that prohibits the Defendants
17 | from requiring Plaintiff Marak Runnels to be a member of the Oregon State Bar in order
18 | to practice law in the State of Oregon.

19 | C. Award Plaintiffs judgment for all expenses incurred by them as a result of their being
20 | required to be a member of the Oregon State Bar from the beginning of the applicable
21 | statute of limitations to the date of the said award.

22 | D. Pursuant to 42 U.S.C. § 1988, award Plaintiffs their costs, including reasonable
23 | attorneys' fees incurred in the litigation of this case.

24 | E.  Ordering such further relief as is just and proper.

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

1 | Dated this June 21, 2022.

/s/ Michael L. Spencer
Michael L. Spencer, OSB 830907

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com

2nd AMENDED COMPLAINT - Page 7



Feb. 23, 2018

## Statement on White Nationalism and Normalization of Violence

As the United States continues to grapple with a resurgence of white nationalism and the normalization of violence and racism, the Oregon State Bar remains steadfastly committed to the vision of a justice system that operates without discrimination and is fully accessible to all Oregonians. As we pursue that vision during times of upheaval, it is particularly important to understand current events through the lens of our complex and often troubled history. The legacy of that history was seen last year in the streets of Charlottesville, and in the attacks on Portland's MAX train. We unequivocally condemn these acts of violence.

We equally condemn the proliferation of speech that incites such violence. Even as we celebrate the great beneficial power of our First Amendment, as lawyers we also know it is not limitless. A systemic failure to address speech that incites violence emboldens those who seek to do harm, and continues to hold historically oppressed communities in fear and marginalization.

As a unified bar, we are mindful of the breadth of perspectives encompassed in our membership. As such, our work will continue to focus specifically on those issues that are directly within our mission, including the promotion of access to justice, the rule of law, and a healthy and functional judicial system that equitably serves everyone. The current climate of violence, extremism and exclusion gravely threatens all of the above. As lawyers, we administer the keys to the courtroom, and assist our clients in opening doors to justice. As stewards of the justice system, it is up to us to safeguard the rule of law and to ensure its fair and equitable administration. We simply cannot lay claim to a healthy justice system if whole segments of our society are fearful of the very laws and institutions that exist to protect them.

In today's troubling climate, the Oregon State Bar remains committed to equity and justice for all, and to vigorously promoting the law as the foundation of a just democracy. The courageous work done by specialty bars throughout the state is vital to our efforts and we continue to be both inspired and strengthened by those partnerships. We not only refuse to become accustomed to this climate, we are intent on standing in support and solidarity with those historically marginalized, underrepresented and vulnerable communities who feel voiceless within the Oregon legal system.

Vanessa A. Nordyke
2018 President
Board of Governors

Jonathan Puente
Director of Diversity & Inclusion

Helen Hierschbiel
Chief Executive Officer

Christine R. Costantino
2018 President-elect
Board of Governors

Liani Reeves
Board of Governors
Liaison to the Advisory Committee
on Diversity & Inclusion

Jonathan Patterson
Chairperson
Advisory Committee
on Diversity & Inclusion

# Joint Statement of the Oregon Specialty Bar Associations Supporting the Oregon State Bar's Statement on White Nationalism and Normalization of Violence

The Oregon Asian Pacific American Bar Association, the Oregon Women Lawyers, the Oregon Filipino American Lawyers Association, OGALLA-The LGBT Bar Association of Oregon, the Oregon Chapter of the National Bar Association, the Oregon Minority Lawyers Association, and the Oregon Hispanic Bar Association support the Oregon State Bar's Statement on White Nationalism and Normalization of Violence and its commitment to the vision of a justice system that operates without discrimination and is fully accessible to all Oregonians.

Through the recent events from the Portland MAX train attacks to Charlottesville, we have seen an emboldened white nationalist movement gain momentum in the United States and violence based on racism has become normalized. President Donald Trump, as the leader of our nation, has himself catered to this white nationalist movement, allowing it to make up the base of his support and providing it a false sense of legitimacy. He has allowed this dangerous movement of racism to gain momentum, and we believe this is allowing these extremist ideas to be held up as part of the mainstream, when they are not. For example, President Trump has espoused racist comments, referring to Haiti and African countries as "shithole countries" and claiming that the United States should have more immigrants from countries like Norway. He signed an executive order that halted all refugee admissions and barred people from seven Muslim-majority countries, called Puerto Ricans who criticized his administration's response to Hurricane Maria "politically motivated ingrates," said that the white supremacists marching in Charlottesville, North Carolina in August of 2017 were "very fine people," and called into question a federal judge, referring to the Indiana-born judge as "Mexican," when the race of his parents had nothing to do with the judge's decision. We are now seeing the white nationalist movement grow in our state and our country under this form of leadership.

As attorneys who lead diverse bar associations throughout Oregon, we condemn the violence that has occurred as a result of white nationalism and white supremacy. Although we recognize the importance of the First Amendment of the United States Constitution and the protections it provides, we condemn speech that incites violence, such as the violence that occurred in Charlottesville. President Trump needs to unequivocally condemn racist and white nationalist groups. With his continued failure to do so, we must step in and speak up.

As attorneys licensed to practice law in Oregon, we took an oath to "support the Constitution and the laws of the United States and of the State of Oregon." To that end, we have a duty as attorneys to speak up against injustice, violence, and when state and federal laws are violated in the name of white supremacy or white nationalism. We must use all our resources, including legal resources, to protect the rights and safety of everyone.  We applaud the Oregon State Bar's commitment to equity and justice by taking a strong stand against white nationalism. Our bar associations pledge to work with the Oregon State Bar and to speak out against white nationalism and the normalization of racism and violence.

Derily Bechthold
President, Oregon Asian Pacific American Bar Association

Julia Markley
President, Oregon Filipino American Lawyers Association

Alysia Harris
President, Oregon Chapter of the National Bar Association


Iván Resendiz Gutierrez
President, Oregon Hispanic Bar Association


Angela Franco Lucero
President, Oregon Women Lawyers


Kamron Graham
Co-Chair, OGALLA-The LGBT Bar Associaton of Oregon


Chase Morinaka
Chair, Oregon Minority Lawyers Association

CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing 2nd AMENDED COMPLAINT on:

Steven M. Wilker
Attorney at Law
Tonkon Torp LLP
888 SW Fifth Avenue
Suite 1600
Portland, OR 97204
steven.wilker@tonkon.com

of Attorneys for Defendant

by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

June 21, 2022.

/s/ Michael L. Spencer
Michael L. Spencer, OSB #830907
Attorney for Plaintiffs

2nd AMENDED COMPLAINT - Page 8

Michael L. Spencer, OSB #830907
403 Main St.
Klamath Falls, OR 97601
541-883-7139
mlslaw@live.com