**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**DIANE L. GRUBER** and **MARK RUNNELS**,

Plaintiffs,

v.

**OREGON STATE BAR, *et al*.**,

Defendants.

Case No. 3:18-cv-1591-JR

**ORDER**

**Michael H. Simon, District Judge.**

Plaintiffs in this case are current and former members of the Oregon State Bar (OSB). Membership in the OSB is required to practice law in the state of Oregon. Plaintiffs originally challenged the compulsory membership and fee structure of the bar, alleging that it violated their rights to freedom of speech and association under the First Amendment, made applicable to the states by the Due Process Clause of the Fourteenth Amendment.

The Court previously granted Defendants' motion to dismiss. The Ninth Circuit affirmed dismissal of Plaintiffs' free speech claim but remanded the dismissal of Plaintiff's associational rights claim because neither the United States Supreme Court nor the Ninth Circuit has yet directly addressed a broad claim of freedom of association based on mandatory bar membership

in "an integrated bar that engages in *nongermane* political activities." *Crowe v. Or. State Bar*, 989 F.3d 714, 729 (9th Cir. 2021) (emphasis added). In that decision, the Ninth Circuit noted that the district court would need to resolve what standard governs an associational rights claim in this context, whether the "germaneness" standard articulated in *Keller v. State Bar of California*, 496 U.S. 1 (1990), for speech in the context of mandatory bar dues also applies to an associational rights claim, and how the OSB's activities fare under this claim. Before the Court resolved these questions on remand, Plaintiffs filed an early motion for summary judgment, arguing that there are no material disputed issues of fact and that the OSB's compulsory membership requirement violates their associational rights. The Court followed the Tenth Circuit's reasoning in *Schell v. Chief Justice & Justices. of Oklahoma Supreme Court*, 11 F.4th 1178 (10th Cir. 2021), *cert. denied sub nom. Schell v. Darby*, 142 S. Ct. 1440 (2022), and concluded that the applicable standard of review for an associational rights claim in this context is the germaneness framework. *Gruber v. Oregon State Bar*, 2022 WL 1538645, at *3 (D. Or. May 16, 2022). The Court also determined that a claim asserting that simply being required to participate in an integrated bar violates associational rights is insufficient and Plaintiffs must instead show *nongermane activity* that rises to the level of a constitutional violation. *Id.* at *4-5. Thus, the Court denied Plaintiffs' motion for summary judgment. *Id.* at *5.

Defendants then moved for summary judgment on all claims. U.S. Magistrate Judge Jolie A. Russo issued a Findings and Recommendation (F&R) in this case on December 19, 2022, recommending that this Court grant Defendants' motion.[1] Plaintiffs filed objections.

[1] The F&R addresses Defendants' motions for summary judgment filed in this case and the related case, *Crowe v. Oregon State Bar*, Case No. 3:18-cv-2139-JR, as well as the motion for summary judgment filed by the plaintiffs in *Crowe*. Because the objections and arguments in *Crowe* are different than the objections and arguments filed in this case, the Court issues separate Orders in these two cases.

**A. Standards**

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

**B. Analysis**

Plaintiffs raise several objections to the F&R's analysis and recommendation that the Court grant Defendants' motion for summary judgment. Plaintiffs' first objection is that the F&R does not hold Defendants to their burden at summary judgment because it does not require Defendants to provide sufficient evidence or to "show[] that no other means to regulate the practice of law is available which is not significantly less intrusive upon the Plaintiffs than an integrated bar." That, however, is not Defendants' burden at summary judgment. "Where, as

here, the opposing party will have the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Olivier v. Baca*, 913 F.3d 852, 857 (9th Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Defendants asserted in their motion that there was an absence of evidence to support Plaintiffs' case. Plaintiffs, then, had the burden to demonstrate that there was a genuine issue of fact on their claim, as the F&R stated. Additionally, "[m]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) (quoting *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996)). After Defendants asserted that there is an absence of evidence to support Plaintiffs' case, the F&R properly analyzed whether Plaintiffs met their burden to show otherwise.

Plaintiffs' next objection is that the F&R should have applied the "exacting scrutiny" standard under *Janus v. American Federation of State, County, Municipal, Employees, Council 31*, 138 S. Ct. 2448 (2018), and not the "germaneness" standard of *Keller*. The Court has already rejected this argument in its opinion resolving Plaintiffs' motion for summary judgment, when the Court determined that *Keller's* germaneness standard applied to Plaintiffs' associational rights claim. *See Gruber*, 2022 WL 1538645, at *3; *see also Schell*, 11 F.4th at 1192 ("In assessing whether the non-time-barred allegations in Mr. Schell's Amended Complaint are sufficient to advance a claim for . . . freedom of association violation, we consider the germaneness of the alleged activities to the valid goals and purposes of the OBA."); *id.* at 1194-95 (remanding a portion of the associational rights claim for further proceedings and instructing that "if defendants seek summary judgment, the district court will need to apply the test from *Keller* to determine whether the articles are germane to the accepted purposes of the state bar.

And, if the articles are not germane, the district court will need to assess whether Mr. Schell may advance a freedom of association claim based on these two articles").

Plaintiffs also object that neither this Court nor Judge Russo has complied with the Ninth Circuit's instruction to determine the applicable standard of review. This objection lacks merit. In resolving Plaintiffs' motion for summary judgment, this Court specifically concluded that neither *Janus's* "exacting scrutiny" nor the strict scrutiny standard traditionally applied for certain free speech cases applied to Plaintiffs' associational claim. *Gruber*, 2022 WL 1538645, at *3. The Court instead followed the persuasive reasoning of *Schell* as to the standard of review to apply to Plaintiffs' associational rights claim, and applied the germaneness standard from *Keller*. *Id.*

Plaintiffs next object to the F&R's citation to *Lathrop v. Donohue*, 367 U.S. 820 (1961), because it is a plurality opinion. The Ninth Circuit has explained that fractured Supreme Court opinions "only bind the federal courts of appeal when a majority of the Justices agree upon a single underlying rationale and one opinion can reasonably be described as a logical subset of the other. When no single rationale commands a majority of the Court, only the specific result is binding on lower federal courts." *United States v. Davis*, 825 F.3d 1014, 1021-22 (9th Cir. 2016) (en banc). Plaintiffs contend that *Lathrop* is not binding on the issue of a claim of associational rights because the plurality opinion in *Lathrop* reserved the question. The plurality opinion, however, did not reserve the question relating to *associational* rights; they reserved the question relating to *free speech*.

The plurality opinion discussed the associational rights claim for 15 pages and concluded: "Given the character of the integrated bar shown on this record, in the light of the limitation of the membership requirement to the compulsory payment of reasonable annual dues, we are

unable to find any impingement upon protected rights of association." *Lathrop*, 367 U.S. at 843. The Supreme Court then stated: "However, appellant would have us go farther and decide whether his constitutional rights of *free speech* are infringed if his dues money is used to support the political activities of the State Bar." *Id.* at 844 (emphasis added). The *Lathrop* plurality introduced the free speech claim and stated: "We are persuaded that on this record we have no sound basis for deciding appellant's constitutional claim insofar as it rests on the assertion that his rights of *free speech* are violated by the use of his money for causes which he opposes." *Id.* at 845 (emphasis added). The Supreme Court then discussed the gaps in the record on the free speech claim and reiterated: "In view of the state of the record and this disclaimer, we think that we would not be justified in passing on the constitutional question considered below. We, therefore, intimate no view as to the correctness of the conclusion of the Wisconsin Supreme Court that the appellant may constitutionally be compelled to contribute his financial support to political activities which he opposes." *Id.* at 847-48.

The discussion relating to associational rights was the opinion of the four-Justice plurality. It also "can reasonably be described as a logical subset" of the two justices who concurred in the judgment, but questioned why the plurality denied "that compulsory dues-paying membership in an Integrated Bar infringes 'freedom of association'" and yet refused to similarly decide the free speech question. *Id.* at 850; *see also Keller*, 496 U.S. at 7-9 (quoting the associational rights holding of *Lathrop* and describing it as by "Six Members of this Court" and then noting that the *Lathrop* plurality "expressly reserved judgment on Lathrop's additional claim that his free speech rights were violated by the Wisconsin Bar's use of his mandatory dues to support objectionable political activities, believing that the record was not sufficiently

developed to address this particular claim”). The associational rights discussion, therefore, is binding precedent of the Supreme Court. *See Davis*, 825 F.3d at 1021-22.

Plaintiffs’ final objection is that their Second Amended Complaint has removed any “considerations of the wrongful expenditure of compelled dues” and that they are simply objecting to being forced to be a member of an integrated bar. The Second Amended Complaint, however, specifically alleges that the OSB engages in activities that Plaintiffs do not agree with and that are paid for, at least in part, with dues. *See* 2d Am. Compl. ¶ 6.

Even if Plaintiffs intend, as their objections appear to indicate, only to assert a claim based on the general requirement that they be a member of an integrated bar, this Court explained in denying Plaintiffs’ motion for summary judgment that mere membership in an integrated bar is not grounds on which to base an associational rights claim, discussing cases from the Sixth, Seventh, and Tenth Circuits. *See Gruber*, 2022 WL 1538645, at *4-5. Thus, this objection would merely serve to have the Court grant Defendants’ motion for the same reasons the Court previously denied Plaintiffs’ motion for summary judgment, and the Court incorporates that discussion by reference.

Plaintiffs also argue that the distinction between germane and nongermane conduct is irrelevant to their claim. In remanding Plaintiffs’ associational rights claim, however, the Ninth Circuit specifically focused on the associational rights claim as being based on *nongermane* activity. *See Crowe*, 989 F.3d at 727 (“Plaintiffs claim that because OSB engages in *nongermane* political activity like the *Bulletin* statements, this membership requirement violates their freedom of association under the First and Fourteenth Amendments.” (emphasis added)); *id.* at 729 (“Plaintiffs raise an issue that neither the Supreme Court nor we have ever addressed: whether the First Amendment tolerates mandatory membership itself—independent of compelled

financial support—in an integrated bar that engages in *nongermane* political activities." (emphasis added)). Plaintiffs offer no authority for the contention that they can base their associational rights claim on *germane* activity, and the Court rejects such an argument.

The Supreme Court has accepted compelled association with funding germane activity and accepted that some degree of compelled association with funding *nongermane* activity is acceptable. *See Lathrop*, 367 U.S. at 843 (relying on the fact that "the *bulk* of State Bar activities serve" the legitimate functions of the bar association in concluding that compelled membership in the state bar did not "impinge[ ] upon protected rights of association" (emphasis added)); *see also id.* at 839 (noting that the challenged activity is not "major" activity of the integrated bar). The Court finds the reasoning of *Lathrop* and *Keller* for allowing the funding of germane activity, and some degree of nongermane activity, persuasive for allowing the association with germane activity and some degree of nongermane activity. Plaintiffs do not argue that the OSB engages in the level of nongermane activity that renders compelled association unconstitutional. *See id.*; *see also Schell*, 11 F.4th at 1195 n.11. Further, Plaintiffs point to no actual conduct by the OSB supporting such a claim, but merely provide hypotheticals, such as if the OSB President emailed a statement with which Plaintiffs disagreed. Such speculation cannot create an issue of fact at summary judgment. *See Loomis*, 836 F.3d at 997; *see also Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019) ("A party's own speculation is insufficient to create a genuine issue of material fact.").

Plaintiffs do not object to the F&R's discussion of whether the April 2018 *Bar Bulletin* "Statement on White Nationalism and Normalization of Violence" and the OSB's legislative activity were nongermane. For that portion of the F&R, the Court follows the recommendation of the Advisory Committee and reviews Judge Russo's F&R for clear error on the face of the

record. No such error is apparent. Accordingly, the Court adopts that portion of the F&R.[2] Further, even if the alleged activity were nongermane, Plaintiffs make no argument or provide any evidence that such nongermane activity renders the overall conduct of the bar unconstitutional because the nongermane activity renders more than the "bulk" of the bar's activities nongermane, thereby supporting an associational claim under the reasoning of *Lathrop*. As discussed in the F&R, the evidence shows that the alleged activity, even if nongermane, is no more than "incidental." ECF 105 at 8-10.

**C. Conclusion**

The Court ADOPTS the Findings and Recommendation, ECF 105, as supplemented herein. The Court GRANTS the Motion for Summary Judgment filed by Defendants, ECF 95.

**IT IS SO ORDERED.**

DATED this 14th day of February, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

[2] The Court adopts all other portions of the F&R to which Plaintiffs do not object, as the Court finds no clear error.